IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

IN THE MATTER OF                    )   HAMBLEN COUNTY
MACK JAY BELLAIRE                   )   03A01-9806-PB-00192
                                    )
LOUIS C. HURLEY and                 )
B. VESTINE HURLEY                   )
                                    )   HON. JOYCE WARD,
     Petitioners-Appellants         )   JUDGE
                                    )
     v.                             )
                                    )
MACK JAY BELLAIRE, M. D.            )
and FAYE SAUCEMAN                   )
                                    )
     Respondents-Appellees          )   AFFIRMED AND REMANDED


MARK A. COWAN OF MORRISTOWN FOR APPELLANTS

EDWARD R. SEMPKOWSKI OF MORRISTOWN FOR APPELLEE MACK JAY
BELLAIRE, M.D.



O P I N I O N



                              Goddard, P.J.



          This is a petition filed by Louis C. Hurley and his

wife B. Vestine Hurley against Mack Jay Bellaire, M.D., and his

wife Faye Sauceman.  The petition seeks the appointment of a

conservator for Dr. Bellaire and an injunction "against

Respondent Faye Sauceman from exercising any control over

Bellaire or his property."

The Hurleys, along with a third party, had previously been given a power of attorney by Dr. Bellaire which, at the time the petition was filed, had been revoked. Consequently, they sue as friends of Dr. Bellaire.

The Trial Judge entered an order which incorporated her detailed, comprehensive and scholarly memorandum opinion, embodying her findings of fact and conclusions of law (see appendix), which we adopt as the opinion of this Court.

In reaching our determination, we are aware that considerable proof was introduced as to Dr. Bellaire's impaired mental condition, including his testimony that he had known the Hurleys for only a few years, when in fact he had known them for over 40 years. However, upon considering the proof favorable to Dr. Bellaire's competency, and also the fact that the Trial Judge had the opportunity during the trial to observe Dr. Bellaire face to face and assess his mental status, we are persuaded that the evidence does not preponderate against the Trial Judge's findings of fact, which support her conclusions of law.

The judgment of the Trial Court is accordingly affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Hurleys and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


___(Not Participating)_____
Don T. McMurray, J.



_____
Charles D. Susano, Jr., J.